Brinkerhoff, J.
By the terms of the fourth section of the act of March 20, 1850, “ to incorporate the Ohio and Indiana Railroad Company,” it is provided, “that the county commissioners of any county through which said railroad may be located, by and with the consent of a majority of the legal voters of such county, to be expressed as hereinafter provided, be and they are hereby authorized and required to subscribe, in the name and for the benefit of such county, to the capital stock of said company, any sum not exceeding one hundi’ed thousand dollars.” 48 Ohio L. L. 297. The twelfth section of the act prescribes the manner in which a vote on the question of “ railroad subscription,” or “ no railroad subscription,” shall be taken.
*251 An alternative writ has been issued in this case, setting forth, in behalf of the said railroad company, that at the fall election of 1850, a vote of the electors of "Wyandot county was regularly *taken, in pursuance of the twelfth section of said act, on the proposition to subscribe fifty thousand dollars to the stock of said company; that a majority of the legal voters of said county voted in favor of such subscription; that the plaintiff is interested in having such subscription made, and has, through its authorized agent, requested the commissioners of said county to make such subscription, but that they have neglected and refused so to do; and commanding them to make such subscription, or to show cause why, etc.
The county commissioners, in their return and answer to the alternative writ, allege, in substance:
1. That said company has no such interest in the subject-matter as entitles them to enforce such subscription.
2. That at the time the vote was taken, said company had not located its road.
3. That said company had procured said vote by fraudulent practices and devices.
4. Because, on the 4th day of November, 1850, John Carey and fifteen other citizens, residents, land-owners and tax-payers of said county, filed a bill in chancery, in the common pleas of said county, against the commissioners thereof, charging, among other things, fraud in obtaining votes on said .subscription; that said commissioners answered said bill, and that such proceedings were thereupon had, that, at the December term of the Supreme Court, 1853, a final decree was rendered, whereby the commissioners of said county were absolutely and perpetually enjoined from making such subscription to the capital stock of said company; and that said decree remains in full force.
The relator now moves the court for a peremptory mandamus. By a reference to our own records, we find this fourth cause alleged to be true in point of fact. Such injunction exists, and is in full force. If the existence of this injunction be a sufficient cause in law why a peremptory mandamus should not issue, the motion must be overruled; and we therefore pass over the first, second and third causes alleged in the answer, without expressing any opinion in respect to them.
*252 *We are of opinion that the fourth cause alleged in the answer is sufficient in law.
It is true, the Ohio and Indiana Railroad Company was not a party to the proceeding in chancery in which the decree of injunction was rendered, and that decree does not, therefore, bind or conclude the company by any of its findings; but it does nevertheless have the effect, while it exists in full force, to preclude the company from having the peculiar remedy which it now here seeks. If we were to award the peremptory writ of mandamus, we should command the commissioners of Wyandot county to do the very act which, by our decree of injunction in full force, they are forbidden to do. The idea of such inconsistency is wholly inadmissible. If the peremptory writ of mandamus were to issue, and the defendants failed to obey it, they would be liable to process for contempt; while, on the other hand, if they obeyed it, they would be equally in contempt for disobedience to the decree of injunction. Even where the order or decree of injunction is made by a court of competent jurisdiction other than that in which the mandamus is sought, the latter will not thus place a party between two fires, by subjecting him to contradictory orders. Ex parte Fleming, 4 Hill, 581. Whether there be any way in which the Ohio and Indiana Railroad Company can get rid of the decree of injunction, is a question not before us. As to that, it is at liberty to proceed as it may be advised; but we are clear that it can not be done collaterally in this proceeding.

Motion overruled.

Swan and Sutliee, J. J., concurred.
Bartley, C. J., and Scott, J., having been of counsel in matters connected with the case, did not sit in its hearing.